UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-CR-153-1-BR
5:12-CV-209-BR

SHAWN LARON DAVIS, )
)
    Petitioner, )
)
v. ) O R D E R
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

    This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. Petitioner has filed a response in opposition to the government's motion.

    On 28 July 2003, petitioner pled guilty to one count of being a felon in possession of a firearm. On 2 December 2003, the court sentenced petitioner to 150 months imprisonment. On 29 November 2004, petitioner filed *pro se* a § 2255 motion, claiming that his sentence was enhanced in violation of Blakely v. Washington, 542 U.S. 296 (2004). (DE # 20.) On 14 December 2004, on initial review of the motion, the court dismissed it, rejecting the claim on its merits. (DE # 21.) Petitioner appealed this decision, and the Fourth Circuit Court of Appeals dismissed the appeal. (DE # 27.)

    On 18 April 2012, petitioner, with the assistance of counsel, filed the instant § 2255 motion. Petitioner's sole claim is that he is actually innocent of being a felon in possession of a firearm because, pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), he has not previously been convicted of any crimes punishable by a term of imprisonment of more than one year, and he seeks vacation of his conviction in this court. (Mem., DE # 38-2.)

    On 22 May 2012, the government filed the instant motion to dismiss. The government

contends that because petitioner did not obtain certification from the Fourth Circuit Court of Appeals before filing the instant § 2255 motion, this court lacks jurisdiction to review the motion. The court agrees.

As set forth in 28 U.S.C. § 2255(h),

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If pre-filing authorization is not obtained when required by this provision, the district court lacks jurisdiction to consider the § 2255 motion. See United States v. Winstock, 340 F.3d 200, 205-06 (4th Cir. 2003) (recognizing that the district court lacks jurisdiction in the absence of pre-filing authorization, to consider entire habeas corpus application which contains any abusive or repetitive claims). "While 'it is settled law that not every numerically second [§ 2255 petition] is 'second or successive' within the meaning of the [Antiterrorism and Effective Death Penalty Act of 1996],' second petitions challenging the same conviction and sentence based on a subsequent change in substantive law are deemed to be successive and require authorization from the court of appeals in order to be filed." Bryant v. United States, No. 2:03-CR-1-BO, 2012 WL 2236984, at *1 (E.D.N.C. June 15, 2012) (citations omitted, alterations in original). Because petitioner has previously challenged his sentence via § 2255 and he now challenges via § 2255 the conviction underlying that same sentence based on a change in the substantive law, that is, Simmons, he

must seek authorization to file this second § 2255 motion.[1]  See id. at *1-2 (dismissing second § 2255 motion which raised a Simmons claim where petitioner had filed earlier a § 2255 motion claiming prosecutorial misconduct and ineffective assistance of counsel).

The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED WITHOUT PREJUDICE.  The court finds that petitioner has made a substantial showing of the denial of a constitutional right and hereby ISSUES petitioner a certificate of appealability as to the issue of whether the § 2255 motion qualifies as a second or successive motion for purposes of 28 U.S.C. § 2255(h).  See id. at *2 (granting a certificate of appealability "as to a review of the preliminary procedural question of the finding that the petition is second or successive").

This 15 August 2012.

_____
W. Earl Britt
Senior U.S. District Judge

---

[1] The court notes that "[t]he government concedes that, in light of *Simmons*, none of [petitioner's] prior felony convictions were punishable by more than one year imprisonment."  (Mem., DE # 43, at 3 n.1.)  Also, the government has recently changed its position from that originally asserted in this case regarding the timeliness of § 2255 motions raising Simmons claims in cases of actual innocence.  Compare McCullum v. United States, No. 7:08-CR-72-F (E.D.N.C. Aug. 14, 2012) (DE # 49 ("After further consideration of the issue, the Department of Justice has determined that, in this narrow category of cases, in the interests of justice, it will waive its defenses based on the plea agreement waiver and the statute of limitations.  Accordingly, the government is now waiving this procedural defense because [petitioner] has a valid claim that, in light of Simmons, he was erroneously convicted of being a felon-in-possession of a firearm.")), with Davis v. United States, No. 5:03-CR-153-BR (E.D.N.C. May 22, 2012) (DE # 43, at 2-4 (raising alternative argument of statute of limitations in support of the instant motion to dismiss)).  Based on the foregoing, it would appear that the only impediment to petitioner's obtaining ultimate relief is the Fourth Circuit Court of Appeals' authorization to file this § 2255 motion.